**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CASE NO.:**

**TIFFANY MILLS,**
**an Individual,**

      **Plaintiff,**

**v.**

**VICTORY MARTIAL ARTS, INC.,**
**A Florida Profit Corporation,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## WITH DECLARATIVE AND INJUNCTIVE RELIEF REQUESTED

Plaintiff, **TIFFANY MILLS** ("Plaintiff"), files this Complaint against Defendant, **VICTORY MARTIAL ARTS, INC**. ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA"), and for sexual orientation discrimination against Defendant in violation of Title VII and the FCRA, to recover from Defendant back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiff's ADA and Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

3.    This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her ADA claims.

4.    At all times relevant hereto, Plaintiff was an employee of Defendant.

5.    Plaintiff worked for Defendant in Pinellas County, Florida, and this venue is therefore proper.

6.    Defendant is a Florida Profit Corporation that is located and does business in Pinellas County, Florida, and is therefore within the jurisdiction of the Court.

7.    At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant.

8.    At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of her disability or "perceived disability," and her request for reasonable accommodation.

9.      Plaintiff is protected by Title VII and the FCRA because she is a homosexual female who suffered discrimination and harassment based on her sexual orientation by Defendant.

10.      Plaintiff is protected by Title VII and the FCRA because she suffered an adverse employment action and was subjected to a hostile work environment based on her sexual orientation, including being unlawfully harassed and terminated because of sexual orientation.

11.      Defendant was at all times an "employer" as envisioned by the ADA, Title VII, and the FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

12.      On or around August 23, 2024, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability and sexual orientation discrimination and retaliation against Defendant.

13.      On or around February 11, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her federal claims within 90 days of her receipt of the same.

14.      On or around March 13, 2026, the FCHR issued a Notice of State Rights to Sue against Defendant, giving Plaintiff the right to bring a civil action on her state claims within one year of her receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17. Plaintiff worked for Defendant as a Program Director in Clearwater, Florida, from March 1, 2024, until her termination on April 20, 2024.

18. Shortly after Plaintiff commenced employment with Defendant, one of her Supervisors, Chad Johnson ("Mr. Johnson"), commenced a campaign of discrimination and abuse based on disability against Plaintiff.

19. Mr. Johnson told Plaintiff accusingly that he had "done [his] research on [Plaintiff]," and that he know of her past, her story, and her past trauma.

20. In addition to being hostile and unwarranted, this made no sense, as Plaintiff has made no secret of the fact that she suffers (and has in the past suffered) disabilities, including post-traumatic stress and anxiety ("PTSD"), autism, cancer, and hypoglycemia.

21. Indeed, a simple Google search on Plaintiff' name readily discloses much information regarding Plaintiff' struggles with disabilities, as she runs a nonprofit organization for mental health awareness and suicide prevention, and has discussed them candidly.

22. Nevertheless, whenever Plaintiff and Mr. Johnson had a disagreement of some sort, Mr. Johnson was quick to accuse Plaintiff of being "hypersensitive," "dramatic," "easily intimidated," or "living in the past."

23. Mr. Johnson made repeated mention of Plaintiff' autism and PTSD and would tell Plaintiff to "get with it" or "get over it" when things triggered her or when she struggled to understand certain things.

24. When work became overwhelming and Plaintiff suffered overstimulation, Mr. Johnson would merely exhort Plaintiff to "embrace the suck" and not let her disabilities "be [her] identity."

25. Furthermore, when Plaintiff started with Defendant, Defendant had promised to provide Plaintiff the reasonable, non-burdensome accommodation of occasional absences, early departures, and late arrivals, due to her disabilities and the disabilities of her special-needs child.

26. In practice, however, Defendant made Plaintiff work even when she stated that she was unavailable, and even when Defendant had previously agreed that she could stay out of work.

27. In early April of 2024, Plaintiff objected to Defendant that its statements and actions constituted disability discrimination in violation of, *inter alia*, Title VII and the FCRA.

28. Neither Mr. Johnson nor the other Supervisor to whom Plaintiff voiced her objections, John Faett ("Mr. Faett"), took any action to rectify the discrimination.

29. Indeed, Mr. Johnson and Mr. Faett reminded Plaintiff that they had been best friends for decades.

30. If anything, Defendant forced Plaintiff to work even more closely than before with Mr. Johnson after she voiced her objections to Defendant's discrimination.

31. Also throughout the duration of Plaintiff' employment with Defendant, the father of one of Defendant's students harassed Plaintiff to go on dates with him.

32. Plaintiff told Mr. Johnson that this made her uncomfortable.

33. Mr. Johnson said that Plaintiff should treat it as an "ego boost," and asked Plaintiff why the man was not her type.

34. Plaintiff replied that she was in a relationship with a woman and that her sexuality accorded with that.

35. Mr. Johnson took no action to help dissuade the persistent male admirer, in whom Plaintiff had zero interest, and instead found the situation amusing.

36. After Mr. Johnson learned of Plaintiff' sexuality, he brought it up in conversation repeatedly.

37.    On April 17, 2024, Plaintiff escalated her aforementioned objections to the discrimination and harassment based on disability, and her objections to discrimination based on sexual orientation and gender identity, to Defendant's Human Resources Department at Defendant's headquarters in Orlando, Florida.

38.    Three days later, on April 20, 2024, Defendant informed Plaintiff that it had decided to terminate her employment, effective immediately.

39.    Defendant offered no cogent explanation for taking this adverse employment action against Plaintiff.

40.    It is clear that Defendant terminated Plaintiff's employment because of her sexual orientation and gender identity, because of her disabilities or Defendant's perception of Plaintiff as disabled, and in retaliation for Plaintiff's objections to Defendant's discrimination based on disability and sexual orientation and gender identity.

41.    Any other reason theorized by Defendant is mere pretext.

42.    Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of her job.

43.    Defendant's termination of Plaintiff stemmed from its discriminatory animus toward her disability and her need for accommodation under the ADA/FCRA.

44. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

45. The timing of Plaintiff's termination makes the causal connection between her disability disclosure/request for reasonable accommodation under the ADA/FCRA, her protected activity through Title VII/FCRA, and her termination sufficiently clear.

46. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

47. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

48. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment.

49. Therefore, she is protected class member as envisioned by the ADA and the FCRA.

50. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

51. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive working environment and, ultimately, termination, because of her sexual orientation.

52. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, Title VII, FCRA were intended to prevent.

53. Defendant did not have a good faith basis for its actions.

54. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

55. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

56. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

57. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA
## DISPARATE TREATMENT DISCRIMINATION

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 7, 11 through 13, 15 through 21, 25 through 30, 37 through 43, 45 through 50, and 53 through 57, above.

59. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

60.    The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

61.    Plaintiff was treated disparately from other, similarly situated employees.

62.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

63.    Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

64.    The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

65.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as

her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II: DISABILITY DISCRIMINATION UNDER THE ADA HOSTILE WORK ENVIRONMENT

66. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 7, 11 through 13, 15 through 24, 26 through 30, 37 through 43, 45 through 50, and 53 through 57, above.

67. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

68. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

69. The treatment that Plaintiff was subjected to was severe and pervasive enough to create a hostile work due to Plaintiff's disabilities.

70. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

71. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

72. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

73. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III: SEXUAL ORIENTATION DISCRIMINATION UNDER TITLE VII HOSTILE WORK ENVIRONMENT

74. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 6, 9, 11 through 13, 15 through 17, 31 through 41, 51, and 53 through 57, above.

75. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual orientation discrimination under Title VII.

76. The discrimination to which Plaintiff was subjected was based on her sexual orientation.

77.    The treatment that Plaintiff was subjected to was severe and pervasive enough to create a hostile work due to Plaintiff's sexual orientation.

78.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

79.    Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

80.    The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

81.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV: DISABILITY DISCRIMINATION UNDER THE FCRA DISPARATE TREATMENT DISCRIMINATION

13

82. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 11 through 12, 14 through 21, 25 through 30, 37 through 43, 45 through 50, and 53 through 57, above.

83. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

84. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

85. Plaintiff was treated disparately from other, similarly situated employees.

86. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

87. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

88. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

89.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to § 760.11(5), Florida Statutes.

90.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V: DISABILITY DISCRIMINATION UNDER THE FCRA HOSTILE WORK ENVIRONMENT DISCRIMINATION

91.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 7, 11 through 12, 14 through 24, 26 through 30, 37 through 43, 45 through 50, and 53 through 57, above.

92.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA.

93.     The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

94.     The treatment that Plaintiff was subjected to was severe and pervasive enough to create a hostile work due to Plaintiff's disabilities.

95. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

96. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

97. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

98. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to § 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

<u>**COUNT VI: SEXUAL ORIEN|TATION DISCRIMINATION**</u>
<u>**UNDER THE FCRA**</u>
<u>**HOSTILE WORK ENVIRONMENT**</u>

16

99. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 8, 11 through 12, 14 through 30, 37 through 43, 45, and 47 through 57, above.

100. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual orientation discrimination under the FCRA.

101. The discrimination to which Plaintiff was subjected was based on her sexual orientation.

102. The treatment that Plaintiff was subjected to was severe and pervasive enough to create a hostile work due to Plaintiff's sexual orientation.

103. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

104. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

105. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

106.  Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to § 760.11(5), Florida Statutes..

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VII: RETALIATION UNDER THE ADA BASED ON DISABILITY

107.  Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 6, 8, 11 through 13, 15 through 30, 37 through 43, 45, and 47 through 57, above.

108.  Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

109.  Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

110.  Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

111.  Plaintiff's protected activity, and her termination, are causally related.

112. Defendant's stated reasons for Plaintiff's termination are a pretext.

113. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

114. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

115. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

116. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VIII: RETALIATION UNDER TITLE VII
## BASED ON SEXUAL ORIENTATION

19

117.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 6, 10 through 13, 15 through 17, 31 through 41, 45, 51, and 53 through 57, above.

118.   Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her sexual orientation.

119.   Plaintiff's objections constituted protected activity under Title VII.

120.   Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be sexual orientation discrimination.

121.   Plaintiff's protected activity, and her termination, are causally related.

122.   Defendant's stated reasons for Plaintiff's termination are a pretext.

123.   The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

124.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

125.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

126.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IX: RETALIATION UNDER THE FCRA BASED ON DISABILITY

127.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 8, 11 through 12, 14 through 30, 37 through 43, 45, and 47 through 57, above.

128.   Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

129.   Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

130. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

131. Plaintiff's protected activity, and her termination, are causally related.

132. Defendant's stated reasons for Plaintiff's termination are a pretext.

133. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

134. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

135. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to § 760.11(5), Florida Statutes.

136. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to,

front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT X: RETALIATION UNDER THE FCRA BASED ON SEXUAL ORIENTATION

137. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 10 through 12, 14 through 17, 31 through 41, 45, 51, and 53 through 57, above.

138. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her sexual orientation.

139. Plaintiff's objections constituted protected activity under the FCRA.

140. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be sexual orientation discrimination.

141. Plaintiff's protected activity, and her termination, are causally related.

142. Defendant's stated reasons for Plaintiff's termination are a pretext.

143. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

144. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

145. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to § 760.11(5), Florida Statutes.

146. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

***(Remainder of page left intentionally blank)***

24

DATED this 11th day of May, 2026.

Respectfully Submitted,

***/s/ Tanner M. Borges***
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Counsel for Plaintiff*

25